COMMONWEALTH *vs.* VINCENT FRANCIS COLLINS.

No. 90-P-1348.

Hampden, June 7, 1991. - December 19, 1991.

Present: ARMSTRONG, BROWN, & GREENBERG, JJ

*Practice, Criminal*, Probation. *Due Process of Law*, Probation revocation.

In the circumstances of a probation revocation proceeding commenced
    more than five years after commission of the offenses upon which the
    revocation was based and almost four years after the defendant's proba-
    tion would have expired, the delay was not unreasonable and there was
    no violation of the defendant's due process rights under either the Four-
    teenth Amendment to the United States Constitution or art. 12 of the
    Massachusetts Declaration of Rights. [681-684]
In the circumstances of a probation revocation proceeding there was no
    merit to a defendant's claim that he had a right to serve certain
    sentences concurrently or that he was subjected to double jeopardy in
    sentencing. [684]

INDICTMENT found and returned in the Superior Court on
October 22, 1975.

A proceeding to terminate probation was heard by *Wil-
liam W. Simons*, J.

*Patricia A. O'Neill*, Committee for Public Counsel Ser-
vices, for the defendant.

*Elizabeth Dunphy Farris*, Assistant District Attorney, for
the Commonwealth.

BROWN, J. On October 15, 1982, the defendant entered a
plea of guilty to so much of an indictment for murder as
charged manslaughter and was sentenced to M.C.I., Wal-
pole, for the time he had already served (2,536 days) plus
three and one-half years, which was suspended with proba-
tion imposed for three and one-half years. The supervision of
the defendant's probation was thereafter transferred by the
Hampden County Superior Court probation department
to the State of Connecticut pursuant to G. L. c. 127,

§ 151A(2).[1] In the normal course of events, the sentence would have expired on April 15, 1986. On July 25, 1984, however, while still under the supervision of the Connecticut authorities, the defendant pled guilty to five counts of robbery in the first degree and two counts of reckless endangerment in the first degree. He was sentenced to seventeen years in prison (later reduced to concurrent ten-, eight-, and one-year sentences) and committed to the Connecticut Correctional Institution in Somers, Connecticut. Upon notification of these subsequent offenses the Hampden County probation department obtained on February 15, 1985, a warrant for surrender for violation of probation. The basis for the warrant was the allegation that the conduct underlying the Connecticut convictions was itself a violation of the defendant's probation. Although Hampden County probation records indicated that the warrant was mailed on February 20, 1985, the warrant was never received by the Connecticut authorities. (Nor is there any indication that the warrant was returned to the Hampden County probation department.) A duplicate warrant was issued on September 7, 1988.

The defendant was released from incarceration in Connecticut on December 19, 1989, and was returned on March 21, 1990, to the custody of the Hampden County probation department pending hearing on his probation violation. The defendant thereafter filed a motion to dismiss the revocation proceedings, primarily on due process grounds.[2] The motion was denied by a Superior Court judge, and the defendant was found to be in violation of his probation. In ruling on the motion the judge found that the mailing of the warrant by

---

[1] That statute provides in pertinent part "[t]hat each receiving state will assume the duties of . . . supervision over probationers . . . of any sending state and in the exercise of those duties will be governed by the same standards that prevail for its own probationers. . . ."

[2] This motion, insofar as we can tell, was based on the claim that the Commonwealth's failure to conduct a hearing on this matter after receiving notice of the alleged probation violation or within a reasonable time after the expiration of his term of probation deprived him of his various "rights to due process, [to] protection from double jeopardy, . . . to full and timely disclosure concerning pending charges, [and] . . . to speedy and timely action free from government vindictiveness . . . ."

the Massachusetts authorities on February 20, 1985, created a presumption that it was received at the Connecticut facility and that the defendant suffered no prejudice from the administrative mix-up. This appeal ensued.

The defendant contends on appeal that the Commonwealth's delay in commencing probation revocation proceedings until more than five years after commission of the offenses upon which the revocation was based, and until almost four years after his probation would have expired, was unreasonable and a violation of his due process rights under the Fourteenth Amendment to the United States Constitution and art. 12 of the Massachusetts Declaration of Rights. In the circumstances of this case, we hold that there was no violation of the defendant's constitutional rights.

Under Massachusetts law the court has the power to extend or revoke probation within a reasonable time after the expiration of the probationary period. *Commonwealth* v. *Sawicki*, 369 Mass. 377, 383-385 (1975). *Commonwealth* v. *Odoardi*, 397 Mass. 28, 35-36 (1986). Although the Commonwealth could have commenced revocation proceedings immediately after notice of the Connecticut convictions, see *Rubera* v. *Commonwealth*, 371 Mass. 177, 180-181 (1976), it was not compelled to do so.[3] What is reasonable is determined on a case-by-case basis. *Commonwealth* v. *Sawicki*, 369 Mass. at 385.

Because of the loss of liberty entailed, a person whose probation is subject to revocation (like the person whose parole is subject to revocation, see *Morrissey* v. *Brewer*, 408 U.S. 471, 488 [1972]) is protected by the due process clause of the Fourteenth Amendment and is entitled to a revocation hearing. *Gagnon* v. *Scarpelli*, 411 U.S. 778, 782 (1973).

---

[3]Also see G. L. c. 127, § 151A(3), which provides in pertinent part that "if, at the time a state seeks to retake a probationer . . . , there shall be pending against him within the receiving state any criminal charge, or he shall be suspected of having committed within such state a criminal offence, *he shall not be retaken without the consent of the receiving state by its governor or a person thereto authorized by him, until his prosecution for such offence has terminated in his favor or he has been discharged from imprisonment following conviction thereof*" (emphasis supplied).

*Commonwealth* v. *Durling*, 407 Mass. 108, 112 (1990). Where a probationer who has been at liberty is taken into custody and detained pending a final revocation hearing, he is entitled to a preliminary hearing at the time of arrest and detention, because of the loss of liberty entailed. See *Gagnon* v. *Scarpelli*, 411 U.S. at 781-782. See also *Fay* v. *Commonwealth*, 379 Mass. 498, 504 (1980) (no right to preliminary hearing where probationer not taken into custody prior to final hearing); *Commonwealth* v. *Odoardi*, 397 Mass. at 33-34 (no right to a preliminary hearing where defendant incarcerated on conviction on other charges). The final revocation hearing must be held "within a reasonable time after the [probationer] is taken into custody." *Morrissey* v. *Brewer*, 408 U.S. at 488. See *Gagnon* v. *Scarpelli*, 411 U.S. at 782.

Here, the defendant was imprisoned on his Connecticut convictions from the time his probation expired on April 15, 1986, until his release approximately three months prior to his return to custody in Massachusetts in March, 1990, and the alleged violation of probation itself was based upon those convictions. During much of that time (until December, 1988), moreover, the defendant was pursuing an appeal of those convictions in the Connecticut courts.

In this circumstance, the defendant suffered no violation of his right to due process under the Fourteenth Amendment to the United States Constitution. See *Moody* v. *Daggett*, 429 U.S. 78, 86-89 (1976) (no denial of due process where parole revocation hearing delayed until after defendant's release from imprisonment on the convictions on which parole revocation based, because defendant's loss of liberty was result of imprisonment on the later convictions, not of delay in parole proceeding); *United States* v. *Williams*, 787 F.2d 1182, 1183-1184 (7th Cir. 1986) (Sixth Amendment right to speedy trial held not violated where Federal authorities delayed in executing warrant for violation, based on a 1982 State conviction, of probation [which would have expired in October, 1983] until after defendant's release from State imprisonment in December 1984); *Wasylak* v. *Thornberg*, 744 F. Supp. 387, 388 (D.N.H. 1990). See also *United States* v.

*Sackinger,* 704 F.2d 29, 30-32 (2d Cir. 1983); *United States* v. *Scott,* 850 F.2d 316, 320 (7th Cir. 1988). Cf. *Carchman* v. *Nash,* 473 U.S. 716, 729-734 (1985) (art. III of Interstate Agreement on Detainers, which requires authorities in receiving State upon request to bring prisoner to trial within 180 days, does not apply to outstanding probation violation charge where charge is based on offense for which prisoner serving sentence in other State).

In the circumstances, the delay also did not exceed a reasonable time under Massachusetts requirements. The defendant points out that he made his whereabouts known to the probation officer and requested a speedy disposition, and he argues that a delay in revocation proceedings in such circumstances is inherently prejudicial because it "work[s] against the goal of rehabilitation of the offender by adding to his anxiety and making him further distrustful of legal procedures." *Commonwealth* v. *Sawicki,* 369 Mass. at 385. *Commonwealth* v. *Baillargeon,* 28 Mass. App. Ct. 16, 20 (1989). See also *Moody* v. *Daggett,* 429 U.S. at 90-94 (Stevens, J., dissenting). Here, however, during much of the time spent in incarceration in Connecticut the defendant was pursuing an appeal of his Connecticut convictions which resulted in a withdrawal of the original guilty pleas in most of the cases, the entry of new pleas, and a reduction in the sentences in December 1988. Cf. *Commonwealth* v. *Odoardi,* 397 Mass. at 35-36 (where probation revocation is based on commission of subsequent criminal acts, delay in revocation proceeding until disposition of new charges may inure to defendant's benefit). The warrant was executed in March, 1990, some three months after his release, and the revocation hearing was held in April, 1990,[4] approximately sixteen months after final disposition of the Connecticut charges and only some four months after his release from imprisonment on the charges. On these facts the judge did not err in finding that the defendant had suffered no prejudice from the delay and

[4]We note that this matter was disposed of within a reasonable time after the defendant's release. (The hearing was held April 11, 12, and 19, 1990.)

in concluding that the delay was not impermissible. Compare *Commonwealth* v. *Odoardi*, 397 Mass. at 36-37 (probation revoked twenty-two months after indictments on new charges, seven months after convictions on those charges, and nearly six months after probation due to expire; delay not shown to be unreasonable where defendant pointed to "no fact of record to indicate either that the Commonwealth failed to act diligently or that he was prejudiced thereby"). During the delay the defendant was imprisoned on convictions which formed the basis for the probation revocation, and the revocation proceedings were brought soon after his release; the anxiety-rehabilitation factor does not carry so much weight as when a probationer has been at liberty for a considerable period of time and has engaged in no more violations, as in *United States* v. *Hamilton*, 708 F.2d 1412, 1415 (9th Cir. 1983). Compare also *Marks* v. *Wentworth*, 199 Mass. 44, 46 (1908). We do not mean to intimate that such matters should not be disposed of promptly or that an indefinite delay is permissible. We need not reach the issue suggested by the defendant that had the original seventeen-year sentence not been reduced the Commonwealth would have waited until the end of the term to execute the warrant. See *Moody* v. *Daggett*, 429 U.S. at 91 (Stevens, J., dissenting). We decide only that the delay in the present case did not exceed the limits of reasonableness.

Finally, we note that the defendant had no right to serve the sentences concurrently, cf. *Moody* v. *Daggett*, 429 U.S. at 88; *United States* v. *Sackinger*, 704 F.2d at 31, and that the defendant had no double jeopardy claim, see *Commonwealth* v. *Odoardi*, 397 Mass. at 30.

We affirm the judge's order revoking the defendant's probation and imposing a sentence of incarceration.

*So ordered.*