DONALD DELISLE vs. COMMONWEALTH.

Hampshire. September 13, 1993. - November 9, 1993.

Present: LIACOS, C.J., ABRAMS, LYNCH, & GREANEY, JJ.

*Supreme Judicial Court*, Superintendence of inferior courts.  *Practice, Criminal*, Sentence, Probation, Continuance, Assistance of counsel. *Due Process of Law*, Probation revocation, Notice.

In the case of a prisoner upon whom consecutive sentences had been imposed, the first a committed sentence with a portion thereof suspended with probation and the second a "from and after" suspended sentence, G. L. c. 279, § 8A, did not require that the probationary term of the second sentence begin at the completion of the committed portion of the first sentence; thus, where a single justice of this court appropriately concluded that the sentencing judge had intended that the second sentence take effect after the completion of all aspects of the first sentence, including its period of probation, the prisoner was not entitled to relief under G. L. c. 211, § 3, on the ground that, since the probation on the second sentence had allegedly expired at the time the judge revoked it and committed the prisoner, the sentence was illegal. [360-362]

In a proceeding under G. L. c. 211, § 3, there was neither an abuse of discretion nor clear error of law by a single justice of this court in his conclusions that a prisoner was not denied due process of law in connection with his surrender hearing for violations of probation [362-363], and that the prisoner had not been denied effective assistance of counsel at that hearing and at his subsequent disposition hearing [363].

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on November 29, 1989.

The case was heard by *Wilkins*, J.

*Daniel K. Sherwood* for the petitioner.

*Shaun S. McLean*, Assistant District Attorney, for the Commonwealth.

LIACOS, C.J. Donald Delisle (petitioner) sought relief under G. L. c. 211, § 3 (1992 ed.), before a single justice of this court. Specifically, he sought the following rulings: that

he was illegally committed to prison following the June, 1989, revocation of his probation; that he was denied due process of law in connection with his June 2, 1989, surrender hearing; and that he received ineffective assistance of counsel at that hearing and at his June 16, 1989, disposition hearing. The single justice denied the petition. The petitioner appealed to this court.

We should not reverse a single justice's denial of a petition brought pursuant to G. L. c. 211, § 3, unless the single justice abused his or her discretion or made a clear error of law. *Rogan* v. *Commonwealth*, 415 Mass. 376, 378 (1993). There was no error, and we affirm.

1. *The sentence.* We state the relevant facts found by the single justice. On October 11, 1985, the petitioner entered guilty pleas to two indictments charging him with drug offenses. On the first indictment, he was sentenced to a house of correction for a term of two and one-half years, of which eighteen months was to be served, with the balance suspended for four years, with probation for four years (the "A" sentence). On the second indictment, the petitioner was sentenced to the Massachusetts Correctional Institution, Cedar Junction, to a term of from five to seven years, said sentence suspended for two years, with probation for two years, said sentence to be served on and after the A sentence (the "B" sentence).

The petitioner was released from the committed portion of the A sentence on January 8, 1987. On May 25, 1989, the petitioner was served with a notice of surrender and hearing for probation violations for alleged violations of probation which occurred in March of 1989. At the surrender hearing, held on June 2, 1989, a Superior Court judge found "several" probation violations, without specifying what these violations were. The evidence overwhelmingly supported a finding that the petitioner violated the condition of his probation requiring that he "obey local, state or federal laws or court

order."[1] The surrender hearing was continued for disposition to June 16, 1989, at which time the judge revoked the suspension of the B sentence.

The petitioner filed a motion in the Superior Court to correct an illegal sentence. At the hearing on the motion, the the judge who had revoked the suspension of the B sentence on June 16, 1989, revised the sentence to "impose forthwith the B sentence nunc pro tunc to June 16, 1989." The judge's intention was to "wipe out the [A sentence] altogether."

As he did before the single justice, the petitioner argues to us that this sentence was illegal because the probation violations occurred subsequent to the date on which the B sentence's term of probation ended. Thus, he contends, the judge could only act as to the A sentence. The petitioner's argument would have merit only if the probationary term of the B sentence commenced at the time he was released from the committed portion of the A sentence, that is, if the two probationary periods ran concurrently.

As the single justice concluded, it is clear that the sentencing judge intended that the B sentence follow the expiration of the A sentence.[2] The A sentence did not expire until all aspects, including the period of probation, were concluded.

The petitioner argues that the single justice erred in accepting the Commonwealth's argument that G. L. c. 279, § 8A (1992 ed.), does not dictate that the B sentence began when the petitioner was released from his eighteen-month

---

[1] Violations included operating a motor vehicle after the suspension of the petitioner's license to operate, violation of a protective order issued under G. L. c. 209A (1992 ed.), and assault and battery on the woman who was the subject of the protective order.

[2] The petitioner has attempted to shed light on the sentencing judge's intent by appending to his brief certain materials that were not part of the record, nor, it seems, presented to the single justice. These materials consist of handwritten notes purportedly made by the petitioner's attorney at the original sentencing hearing. As the Commonwealth points out, the materials are not properly before this court, see Mass. R. A. P. 18 (a), as amended, 409 Mass. 1602 (1991), and argument based on them in the brief need not be considered. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); Mass. R. A. P. 16 (e), as amended, 378 Mass. 940 (1979).

Delisle *v.* Commonwealth.

commitment to the house of correction.[3] If the statute applied, then the two-year probationary period of the B sentence arguably would have concluded prior to the March, 1989, probation violations. *Henschel* v. *Commissioner of Correction*, 368 Mass. 130, 136 (1975), and *Brown* v. *Commissioner of Correction*, 336 Mass. 718, 723-724 (1958), make it clear that § 8A applies only to consecutive *committed* sentences. There was no error. Where, as here, the "from and after" sentence consists solely of probation, there is no statutory basis for concluding that the later sentence must commence at the close of the committed portion of the earlier sentence.

2. *Due process.* The petitioner advances several arguments that his due process rights were violated at the surrender hearing.

First, the petitioner argues that the notice he received of the hearing on his alleged probation violations was defective because it set June 1, 1989, as the date for the hearing. In fact, the hearing took place on June 2, 1989. The petitioner did not present this issue to the single justice, and it is therefore not properly before us. We note, nonetheless, that even if the petitioner received inadequate notice of the June 2 hearing[4] (which the Commonwealth disputes), the petitioner's failure to show any prejudice is fatal to his claim. See *Commonwealth* v. *Odoardi*, 397 Mass. 28, 31-32 (1986).

Next, the petitioner argues that he was not afforded all the protections to which he was entitled under *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990). In all respects but one, the petitioner simply reargues the charges made in his petition before the single justice. He does not identify any error

---

[3]This statute provides, in part, "For the purpose only of determining the time of the taking effect of a sentence which is ordered to take effect from and after the expiration of a previous sentence, such previous sentence shall be deemed to have expired when a prisoner serving such previous sentence shall have been released therefrom by parole or otherwise." G. L. c. 279, § 8A (1992 ed.).

[4]We note also that the petitioner received a second notice, identical to the first except it set the date of hearing for June 2, and that he signed it, assenting to an immediate hearing.

of law or abuse of discretion by the single justice. There was none.

The one respect where the petitioner argues that the single justice erred concerns the claim that he was denied a continuance to retain counsel of his own choosing for the surrender hearing. The petitioner suggests that the single justice mistakenly believed that the petitioner had requested that a different attorney be *appointed* for him when in fact, he wanted to *retain* the attorney who had represented him during the proceedings in 1985. The record contains no suggestion that the petitioner requested a continuance so that he could retain counsel of his own choosing. Even if this claim were misunderstood by the single justice (which is not altogether clear from the record), there was no error. The petitioner was not entitled to a continuance to retain counsel of his own choosing. *Commonwealth* v. *Connor*, 381 Mass. 500, 503 (1980) (right to counsel of choice not absolute). See *Durling, supra* at 112 (probationer not entitled to full panoply of protections applicable at criminal trial).

3. *Ineffective assistance of counsel.* Again, the petitioner fails to identify any abuse of discretion or clear error of law by the single justice. Rather, he presents the same arguments that were thoroughly addressed and appropriately rejected by the single justice in his memorandum of decision. There was no error.

*Judgment affirmed.*