COMMONWEALTH vs. EMMETT SMITH.

No. 94-P-193.

Middlesex. December 6, 1994. - March 31, 1995.

Present: ARMSTRONG, BROWN, & PORADA, JJ.

*Practice, Criminal*, Probation, Revocation of probation. *Due Process of Law*, Probation revocation.

A defendant's probation was incorrectly revoked on the sole basis of convictions for offenses committed after the scheduled end of the probationary period, in circumstances where other alleged failures to comply with conditions of probation would, in the usual course, have led to an extension of probation rather than a revocation. [326-328]

COMPLAINT received and sworn to in the Cambridge Division of the District Court Department on March 6, 1987.

A proceeding for revocation of probation was heard by *Jonathan Brant*, J.

*Mark W. Shea* for the defendant.

*Barbara F. Berenson*, Assistant District Attorney, for the Commonwealth.

ARMSTRONG, J. On March 6, 1987, the defendant admitted to sufficient facts on a complaint in the Cambridge District Court charging larceny from the person. G. L. c. 266, § 25. He was sentenced to one year in the house of correction, sentence suspended until March 6, 1989, with a special condition of suspension being performance of 100 hours of community service during the two-year probationary period. Among the standard conditions were that he should obey local, State, and Federal criminal laws and court orders; that he should report to his assigned probation officer periodically; and that he should notify the probation officer immediately of a change of residence or employment. He was specifically ordered to return to the court on March 6, 1989, at which

time, in the normal course, if he had met the conditions of his probation, the defendant could have anticipated the entry of a final order terminating the probation and closing out the case. See *Commonwealth* v. *Sawicki*, 369 Mass. 377, 380-384 (1975).

Instead, after October, 1988, the defendant stopped reporting to the probation officer. He was directed by letter to report on January 27 but did not do so. On March 6, 1989, his scheduled court date, he failed to appear, and a default warrant was issued which was returned without service on December 11, 1990. During the period 1989 through 1993, the defendant was charged with numerous offenses in the Lynn District Court, some of which were tried in the Peabody District Court jury-of-six session. Several convictions resulted. Despite the defendant's having been in custody repeatedly throughout that period, no surrender notice issued until January 4, 1994. The defendant, then in custody for other offenses, was brought into the Cambridge District Court on a habeas writ on January 7, 1994, and the judge, after hearing, ordered revocation of probation on that date, reinstating the one-year sentence, to commence forthwith, concurrent with the sentence then being served. The defendant appealed.[1]

The defendant makes two contentions. The first, that the probation surrender notice was not issued and the revocation proceeding was not held within a reasonable period of time after the expiration of the scheduled probationary period (see *Commonwealth* v. *Sawicki*, 369 Mass. at 384-387), was not made in the District Court and cannot be raised on appeal.[2] The second contention, however, has merit.

---

[1] The appeal, although entered in this court on February 9, 1994, was not heard until December 6, 1994, when the defendant had completed all but one month of the sentence. A decision now cannot affect this sentence, but we do not know that its result may not affect the commencement date of later from-and-after sentences.

[2] The contention is doubtful in any event for the reasons stated in *Commonwealth* v. *Baillargeon*, 28 Mass. App. Ct. 16, 20-22 (1989). The defendant, having failed in his basic obligation to maintain contact with his probation officer, and having failed to appear in court on March 6, 1989, "cannot demand spit and polish efficiency of these agencies, while choosing

The probation surrender notice lists as "Alleged Viola-tions," two items: "Conditions," which seems to have been understood as a reference to the special condition of proba-tion, namely, the obligation to perform one hundred hours of community service; and "Subsequent Convictions Peabody, Lynn." In support of the first, the probation officer testified that the defendant had failed to document his performance of the required community service. As to the second, the pro-bation officer produced uncertified copies of three conviction records in the Lynn and Peabody (jury-of-six session) Dis-trict Courts. In addition, perhaps reading from the defend-ant's probation record, he mentioned two other such convic-tions. The five mentioned convictions were for offenses committed after March 6, 1989, the scheduled end of the probationary period.

All the convictions were initially received in evidence over the objections of the defendant's counsel, whose position was that, to be admissible, the certified records were necessary. This objection was later waived, correctly so because hearsay is admissible at revocation proceedings. The defendant's counsel next argued, by way of closing argument, that the convictions were unavailing in any event because the offenses occurred after the scheduled end of the probationary period. This point was valid. "There can be no violation of probation unless committed during the probationary period, [although] probation may be revoked after that period." *Commonwealth* v. *Baillargeon*, 28 Mass. App. Ct. 16, 20 (1989). See *Com-monwealth* v. *Sawicki*, 369 Mass. at 384-385; *Common-wealth* v. *Odoardi*, 397 Mass. 28, 35 (1986). The judge did not respond to the argument, except to say that proper proce-dures were followed; and, in his decision revoking probation and ordering the sentence to be executed, he entered as find-

---

to be unsubmissive and elusive himself." *Id*. at 21. "[T]he anxiety-rehabil-itation factor does not carry so much weight as when a probationer has been at liberty for a considerable period of time and has engaged in no more violations." *Commonwealth* v. *Collins*, 31 Mass. App. Ct. 679, 684 (1991).

ings "failure to complete community service" and "new conviction."

After the defendant's brief was filed in this court, the Commonwealth filed a motion in the District Court to "Clarify [the] Record," pointing out in the motion that the "defendant's criminal record reflects that he was convicted in 1989 of possessing a dangerous weapon, a crime committed during the probationary period." The judge allowed the motion, explaining that he reviewed the defendant's criminal history during the revocation hearing. It is clear, however, from the transcript that no mention was made during the hearing of the defendant's criminal history (other than the five convictions testified to by the probation officer) or of the judge's review thereof at the bench. Compare *Commonwealth* v. *Ward*, 15 Mass. App. Ct. 388, 389-390 & n.1 (1983).

The judge's clarification cannot, in our view, rescue the revocation. The only convictions mentioned at the hearing were for postprobationary term violations. The minimum requirements of due process require disclosure to the probationer of the evidence against him and an opportunity to confront that evidence by way of explanation, cross-examination, or other rebuttal. *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990). "If the probationer is unaware of the evidence against him, then realistically he cannot defend himself." *Commonwealth* v. *Maggio*, 414 Mass. 193, 197 (1993). While the Commonwealth may rely on a criminal conviction without going into its factual basis, *id.* at 198-199, it must at least disclose to the probationer that it intends to rely on the conviction.

The defendant should have had an opportunity to argue that the conviction during the probationary period did not warrant revocation. The probation record describes the offense as "Poss Dangerous Weapon . . . Knife," which, on the defendant's postclarification investigation, appears to have been possession of a knife in circumstances that violated a Lynn ordinance. Although the defendant was found guilty — whether by plea or finding does not appear — no sentence or

fine was imposed. While the defendant made no effort to prove that he completed his community service, that failure, by itself, would in the usual case lead to an extension of probation rather than a revocation. We cannot say that the error was harmless.

In view of the fact that the sentence has been served, there is no occasion for further proceedings regarding revocation. An entry should be made in the docket, however, to the effect that the order revoking probation and reimposing the one-year sentence was reversed on appeal.

*Order reversed.*