## Commonwealth *vs.* Richard Herrera.

No. 00-P-679.

Essex. May 21, 2001. - August 16, 2001.

Present: Armstrong, C.J., Grasso, & Cowin, JJ.

*Practice, Criminal,* Revocation of probation. *Due Process of Law,* Probation revocation.

At a probation revocation hearing in which the defendant was given fair warning by the notice of probation of the charges of drug use and failing to report to his probation officer, and in which the judge's finding that the defendant violated probationary conditions was based exclusively on those charges, the judge acted within her discretion in taking into consideration reliable evidence of misconduct imputed to the defendant that was not mentioned in the probation surrender notice, where such evidence was relevant to the judge's decision whether to revoke probation or modify conditions of probation. [295]

Indictments found and returned in the Superior Court Department on March 9, 1994.

A proceeding for revocation of probation was heard by *Nancy Merrick,* J.

*Ronald M. Stone* for the defendant.

*Daniel Smulow,* Assistant District Attorney, for the Commonwealth.

Armstrong, C.J. On October 29, 1999, the defendant, who had been serving sentences for armed robbery and assault and battery by means of a dangerous weapon, was released on probation subject to conditions. His freedom lasted until March 6, 2000, when he was adjudged to have violated the conditions by heroin use and by failing to report to his probation officer. His contention on appeal from the order revoking probation is that the judge considered conduct imputed to the defendant that was not mentioned in the probation surrender notice: in particular, that the judge reviewed a police report and a restraining order

detailing an incident in which the defendant allegedly slashed the tires on his former girlfriend's car.

Minimum due process requires that one threatened with revocation of probation be given written notice of any claimed violations of conditions for which revocation is sought. See *Commonwealth* v. *Durling*, 407 Mass. 108, 113 (1990); *Commonwealth* v. *Maggio*, 414 Mass. 193, 196 (1993). The notice of probation in this case gave the defendant fair warning of the charges of drug use and failing to report, and the judge's finding that the defendant violated probationary conditions was based exclusively on those charges. The tire-slashing incident was not described until the finding had been made and the judge was considering disposition.

A judge, after finding a defendant in violation of the conditions of his probation, must determine whether to "revoke the probation and sentence the defendant or, if appropriate, modify the terms of his probation." See *Commonwealth* v. *Durling*, *supra* at 111; *Commonwealth* v. *Faulkner*, 418 Mass. 352, 365 n.11 (1994) (decision to revoke probation involves "a discretionary determination by the judge whether violation of a condition warrants revocation of probation"). If the judge elects to revoke probation, G. L. c. 279, § 3, gives him no choice but to reimpose the balance of the original, suspended sentence. See *Commonwealth* v. *Holmgren*, 421 Mass. 224, 228 (1995). In other respects the judge is called upon to exercise a discretion not significantly different from that exercised by a sentencing judge after a finding of guilt. There, it is settled that a judge, in exercising his discretion, may take into consideration the defendant's past, uncharged misconduct without offending due process principles. See *Commonwealth* v. *Goodwin*, 414 Mass. 88, 92-93 (1993), and cases cited. Similarly, reliable evidence of misconduct not charged as a ground of probation violation, where relevant to the judge's discretionary decision whether to revoke probation or modify conditions, may be considered without offending those principles. See *Commonwealth* v. *Morse*, 50 Mass. App. Ct. 582, 592-593 n.14 (2000).

*Order revoking probation*
*affirmed.*