The probationer, Tevon Ngomba, appeals from an order revoking his probation and imposing a sentence of five to six years. On appeal, the probationer argues that he was denied due process by the Commonwealth's failure to provide him with notice of the probation revocation proceeding on the day he was arraigned on the charges alleged to be a violation of probation. The probationer further argues that he was denied due process where his probation was revoked based on hearsay evidence, and that the revocation judge did not make factual findings. We affirm.
Background. The probationer was arraigned in the Somerville Division of the District Court Department on April 6, 2015, on multiple new charges based on his alleged involvement in a shooting the previous day. After a dangerousness hearing on April 10, 2015, a different judge set bail and the probationer was detained. On May 8, 2015, a preliminary surrender hearing was held in Superior Court. The probationer was provided a copy of the surrender notice when he was brought to court that day.
On March 17, 2016, the probationer moved to dismiss the revocation proceedings for lack of notice. The revocation judge (hereinafter judge) denied the motion. At the final revocation hearing, on March 28, 2016, the probationer moved for reconsideration of the order denying his motion to dismiss, which the judge denied. There was both live testimony and documentary evidence submitted at the hearing. The judge held that the Commonwealth proved by a preponderance of the evidence that the probationer violated the conditions of his probation through his involvement in the Somerville shooting, and in an incident at the Billerica house of correction.
Discussion. 1. Failure to provide notice. The probationer argues on appeal that the Commonwealth's failure to provide him with notice of the probation violation proceeding on the date of his arraignment in District Court, i.e., April 6, 2015, constituted a deprivation of due process. We disagree.
Probation violation proceedings do require due process, including written notice. Commonwealth v. Durling, 407 Mass. 108, 113 (1990). However, the "purpose of the preliminary hearing is to protect the rights of the parolee or probationer who, being at liberty, is taken into custody for alleged violation of his parole or probation conditions, and detained pending a final revocation hearing." Fay v. Commonwealth, 379 Mass. 498, 504 (1980).
Here, the probationer was held on charges related to the Somerville shooting after being unable to post the set bail. As such, the probationer was not deprived of due process by being given notice of the probation violation at the preliminary hearing because he suffered no loss of liberty and therefore was not entitled to such a hearing. See Commonwealth v. Odoardi, 397 Mass. 28, 33 & n.5 (1986) ("a preliminary hearing [is] inapplicable ... where the defendant was incarcerated at the time of the probation revocation proceeding pursuant to a conviction on other charges"; "suggest[ing]" that same reasoning applies to probation proceedings based on pending charges). Furthermore, the probationer has not shown that he was prejudiced by the lack of notice before the hearing on May 8, 2015.[2] See Commonwealth v. Morse, 50 Mass. App. Ct. 582, 588 (2000). The probationer had more than ten months to prepare before the final revocation hearing on March 28, 2016. See Delisle v. Commonwealth, 416 Mass. 359, 362 (1993) ("even if the petitioner received inadequate notice of the ... hearing ... the petitioner's failure to show any prejudice is fatal to his claim"). We therefore conclude that the probationer suffered no deprivation of due process when he first received notice of his probation violation at the May 8, 2015, hearing.
2. Hearsay. The probationer further argues that the judge abused her discretion in concluding that he violated his probation by basing that conclusion on unreliable hearsay that did not establish a violation by a preponderance of the evidence. We disagree.
A probation revocation hearing does not carry with it "the 'full panoply of constitutional protections applicable at a criminal trial.' " Commonwealth v. Bukin, 467 Mass. 516, 520 (2014), quoting from Durling, supra at 112-113. Hearsay evidence is admissible if reliable, and can form the sole basis for a revocation if it has "substantial indicia of reliability." Durling, supra at 118. Such indicia include:
"(1) whether the evidence is based on personal knowledge or direct observation; (2) whether the evidence, if based on direct observation, was recorded close in time to the events in question; (3) the level of factual detail; (4) whether the statements are internally consistent; (5) whether the evidence is corroborated by information from other sources; (6) whether the declarant was disinterested when the statements were made; and (7) whether the statements were made under circumstances that support their veracity."
Commonwealth v. Hartfield, 474 Mass. 474, 484 (2016). The judge made oral findings on the record that each piece of hearsay evidence was substantially reliable under Durling. We conclude that there was no error in the judge's determination.[3]
The judge considered grand jury testimony from the alleged victim of the Somerville shooting as well as two witnesses and the detective who investigated the incident. Those witnesses were under the penalties of perjury when they testified before the grand jury and corroborated each other. That testimony resulted in indictments. The grand jury testimony also was corroborated by detailed police reports about the Somerville shooting, which included consistent statements from four witnesses taken the day of the shooting detailing the probationer's appearance and escalated interaction with the victim. Furthermore, the detective testified that a photograph obtained from the probationer's cellular telephone showed the probationer holding a gun that matched witness descriptions and was time-stamped one hour before the shooting.[4] The judge also considered incident reports by correction officers at the Billerica house of correction who responded to the probationer's assault on another detainee. Two officers saw the probationer punching the detainee and one saw the probationer initiate the fight. This evidence bore additional circumstantial reliability including consistency in statements made on the same day as the incident and based on direct observation. See Hartfield, supra. Based on the record, we discern no error in the judge's reliance on the hearsay evidence, and no abuse of discretion in her determination that the probationer violated his probation.[5]
Order revoking probation and imposing sentence affirmed.

The probationer did not include in his record appendix a transcript of this hearing. The clerk's minutes show only that counsel was appointed, the probationer's warrant was removed, and the matter was continued until June 23, 2015. The probationer has not argued that any evidence was taken on May 8, 2015.

The Commonwealth also offered live testimony from the probation officer and the detective who investigated the Somerville shooting. The probationer's father testified on his behalf.

The photograph was introduced as evidence to the grand jury and was also admitted at the probation revocation hearing.

The judge found on the record that a probation violation was proven and the condition that was violated based on the facts presented at the hearing. Nothing more was required. See Fay, 379 Mass. at 504-505 ; Commonwealth v. Morse, 50 Mass. App. Ct. 592-594 (2000).