The defendant, Joshua L. Desmond, pleaded guilty in the District Court to one count of assault by means of a dangerous weapon, in violation of G. L. c. 265, § 15B (b ), and one count of assault and battery, in violation of G. L. c. 265, § 13A (a ). The sentencing judge sentenced the defendant to thirty-five days time served while held awaiting trial in the house of correction for the assault by means of a dangerous weapon charge, and one year of administrative probation on the assault and battery charge. The conditions of probation required the defendant to remain drug and alcohol free. Following a probation violation hearing on March 21, 2016, the sentencing judge found that the defendant violated the conditions of his probation, and sentenced him to one year in the house of correction, suspended for one year. On March 1, 2017, the defendant was found in violation of probation by a different judge (hereinafter, judge) and sentenced to serve one year in jail. The defendant filed a motion to revise and revoke his sentence, which the judge denied after hearing. The defendant now appeals the judge's decision to revoke his probation, arguing that the judge deprived him of his due process rights by relying on alleged misconduct not set forth in the written notice of probation violation, and that he was prejudiced by this lack of written notice. We affirm.
Standard of review. The Commonwealth must prove any "violation of probation by a preponderance of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 520 (2014). The determination that a probation violation occurred "lies within the discretion of the hearing judge," who must assess the weight of the evidence against the defendant. Id. at 521. Accordingly, we review an order revoking probation for an abuse of discretion. Id. On review, we determine "whether the record discloses sufficient reliable evidence to warrant the findings by the judge that [the defendant] had violated the specified conditions of his probation." Commonwealth v. Morse, 50 Mass. App. Ct. 582, 594 (2000).
Discussion. Although a probation revocation hearing is not a "new criminal prosecution" because the Commonwealth has already proven guilt beyond a reasonable doubt for the underlying offense, such a hearing still "implicates due process rights because a finding of a probation violation may result in a loss of liberty." Commonwealth v. Pena, 462 Mass. 183, 190 (2012). Due process requires that a defendant receive "written notice" of the probation violation, as well as any evidence supporting that violation. Commonwealth v. Durling, 407 Mass. 108, 112-113 (1990). Moreover, a defendant must have an opportunity to present and cross-examine witnesses, and receive a "written statement" by a "neutral" fact finder regarding the "evidence relied on and reasons for revoking" probation. Id. at 113.
These due process requirements, however, are designed to be flexible, and to help ensure, inter alia, that the judge "accurate[ly]" determines "whether revocation [is] proper" in the defendant's situation. Morse, 50 Mass. App. Ct. at 594. "Flexibility is important both to insure the offender the opportunity inherent in the grant of conditional liberty that probation affords, and to insure the Commonwealth the ability to deal expeditiously with a violation of that opportunity." Commonwealth v. Simon, 57 Mass. App. Ct. 80, 85 (2003). Where a judge finds a violation of a probation condition charged in the written notice to the defendant, "reliable evidence of misconduct not charged as a ground of probation violation, where relevant to the judge's discretionary decision whether to revoke probation or modify conditions, may be considered without offending [due process] principles." Commonwealth v. Herrera, 52 Mass. App. Ct. 294, 295 (2001). Given the adaptable nature of this process, we analyze a judge's decision to revoke probation on a case-by-case basis, and evaluate whether the defendant "received 'fair treatment' " during that process, rather than whether the judge followed a rigid procedure. Morse, supra at 591 n.11, quoting Durling, 407 Mass. at 116.
Here, the defendant had either written or actual notice of the bases for his probation violations. The October 14, 2016, notice of probation violation and hearing specified that the defendant failed (1) "to comply with a drug testing requirement" by missing a drug test on October 6, 2016, (2) "to make a required [fee] payment," (3) to report to the probation office for a visit on September 27, 2016, (4) to provide adequate proof of employment and residency, and (5) to remain drug and alcohol free, citing positive drug and alcohol tests on September 21 and September 28, 2016. The defendant stipulated to the two positive drug and alcohol screens, and his counsel stated her understanding that the judge would find a violation as a result of that stipulation. The judge made a finding, both from the bench at the revocation hearing, and in his written probation violation findings and disposition, that the positive screens were bases for the probation violation.[2]
The defendant contends that the "actual bases" for the judge's probation violation finding were his failure to appear at a previously scheduled October 28, 2016, revocation hearing, and his numerous failures thereafter to report to probation, and argues that he had no written notice that the judge would consider those issues at the violation hearing.[3] When the defendant testified at the hearing, however, he admitted he knew he missed the October 28 revocation hearing date, and said he did not attend because he "had no ride" to the court house and was "on bedrest."[4] The defendant also admitted that he failed to meet with his probation officer in the months following the October 28 hearing. Given that the defendant had the opportunity at the hearing to provide a defense to the missed October 28 revocation hearing and subsequent probation meetings, it was "fair" for the judge, having already found a violation of probation (by virtue of the defendant's admission), to consider those issues at the probation revocation hearing. See Morse, 50 Mass. App. Ct. at 91 n.11.
Moreover, defendants who challenge probation revocation orders on due process grounds must demonstrate that a lack of notice prejudiced them in some way, or "contributed to the adverse outcome[s]" of their cases. Morse, 50 Mass. App. Ct. at 588. See Delisle v. Commonwealth, 416 Mass. 359, 362 (1993) ("petitioner's failure to show any prejudice is fatal to his claim"); Simon, 57 Mass. App. Ct. at 85-86 (no prejudice where counsel was prepared to address issue not included in violation notice); Morse, supra at 586 (claimed lack of time to prepare undermined by failure to request continuance or point to potential evidence disputing violation). See also Commonwealth v. Odoardi, 397 Mass. 28, 32 (1986) (lack of surprise at hearing prevented prejudice to probationer).
Here, the fact that the probation violation notice failed to list the defendant's missed October 28 revocation hearing, as well as his numerous missed probation meetings thereafter, did not prejudice his defense because he stipulated to violations (two positive drug and alcohol screens[5] ) that were listed on the notice. See Morse, 50 Mass. App. Ct. at 588 (prejudice must "contribute[ ] to the adverse outcome" in some way). While it is true that at the hearing the defendant's counsel expressed a degree of uncertainty about the bases for the probation violations, "neither [the defendant] nor his counsel moved for a continuance, much less made an offer of proof or even a statement regarding what they would do or what evidence they would present if they received more time to prepare." Id. at 586. Finally, we note that at the hearing on the defendant's motion to revise and revoke his sentence -- held more than two months after his probation revocation hearing[6] -- the defendant had a further opportunity to explain why he missed his October 28 revocation hearing and numerous probation reporting dates, but neither he nor his counsel provided the judge with any new insight.
Conclusion. For the reasons stated above, we affirm the judge's order revoking the defendant's probation.[7]
So ordered.
Affirmed.

At the probation revocation hearing, the defendant's counsel specifically stated: "We have been willing to stipulate with regard to the violations for the positive screens that took place ... on September 21 and September 28th." The judge explicitly noted, "Failure to remain drug and alcohol free. There you go, that's all I need. All right. Failed to report.... Failed to comply with testing requirements."

The judge stated that he would "consider the fact that [the defendant] blew out of probation October 28th and was never back again," and suggested that that conduct was a probation violation. Although the defendant contends that the judge could not consider this misconduct because it was not listed on the probation violation notice, the judge was entitled to consider "reliable evidence of misconduct," such as the probation officer's testimony that the defendant defaulted on a probation hearing on October 28, and failed to attend probation meetings thereafter. See Herrera, 52 Mass. App. Ct. at 295.

The judge found, from the bench, that he did not credit the defendant's statements regarding his reasons for missing the October 28 court date.

The defendant suggests that "the continued use of substances by a person suffering from a substance use disorder is not a willful violation of probation." A judge, however, may require a defendant to remain drug-free as a condition of probation if that condition, "tailored to the characteristics of the defendant and the underlying crime," "further[s] the rehabilitative goal of probation by facilitating treatment for the defendant's drug addiction." Commonwealth v. Eldred, 480 Mass. 90, 97 (2018). Here, the defendant contends that he continues to struggle with substance abuse issues. Consequently, a probation condition requiring drug and alcohol screens furthers the goal of "facilitating treatment" for the defendant. Id.

The defendant's probation revocation hearing occurred on March 1, 2017, while the hearing on his motion to revise and revoke his sentence occurred on May 19, 2017.

To the extent that we do not address the defendant's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).