COMMONWEALTH *vs.* JOSEPH PHILLIPS.

No. 95-P-577.

Norfolk. May 13, 1996. - July 24, 1996.

Present: PERRETTA, KAPLAN, & KASS, JJ.

*Practice, Criminal,* Sentence, Revocation of probation. *Due Process of Law,*
Probation revocation.

Discussion of Federal and State cases considering the power of the court in
a criminal case to revoke a probationary term for violation of probation-
ary conditions after the imposition of the sentence but prior to its com-
mencement. [802-803]
A criminal defendant's probation may be revoked for his criminal conduct
occurring after the imposition of a probationary sentence but before the
commencement of the probationary period and nothing in G. L. c. 279,
§ 1 or § 3, or any public policy consideration precludes such revoca-
tion. [803-804, 804-805]

INDICTMENTS found and returned in the Superior Court
Department on September 18, 1991.

A motion to revoke probation was considered by *Paul A.
Chernoff,* J., and a question of law was reported by him to
the Appeals Court.

*John B. Shorton* for the defendant.

*Robert C. Cosgrove,* Assistant District Attorney, for the
Commonwealth.

PERRETTA, J. Pursuant to Mass.R.A.P. 5, as amended, 378
Mass. 930 (1979), a Superior Court judge has reported the
following question for our determination: "May a defendant
be subjected to a probation revocation based upon criminal
conduct occurring *after* the imposition of the sentence to
probation but *before* the commencement of the probationary
period?"[1] (Emphasis supplied.) We answer the question "Yes"

[1]In a footnote to the report, the judge presented a "more narrow[ ]"
formulation of the question: "May an inmate be subject to probation revo-
cation based on criminal conduct occurring after the imposition of the

and remand the matter to the Superior Court for further proceedings.

1. *The facts.* We relate the facts which give rise to the reported question. Convicted of sexually assaulting the daughter of his second wife,[2] the defendant was committed to the Massachusetts Correctional Institution at Concord for a term of twenty years. In addition, he received three concurrent terms of not less than nine years nor more than ten years, to be served at the Massachusetts Correctional Institution at Cedar Junction after completion of his Concord sentence. Execution of those three concurrent terms was suspended, and a nine-year probationary period was imposed, to take effect upon the defendant's release from Concord. On the day of imposition of those sentences, the defendant signed an agreement to certain conditions of his probation. Those conditions included the usual requirement that he "obey local, state or federal laws or court order" as well as numerous special conditions.

While incarcerated (about six months into his committed sentence at Concord and about eighteen months from his earliest parole eligibility date on that sentence), the defendant solicited a "hit man" to murder his second wife in exchange for the anticipated proceeds from the sale of her house following her death. The "hit man" was an undercover State police officer. The defendant was convicted of this crime, which the trial judge believed to be a common law misdemeanor, and received a two and one-half year sentence to be served from and after his Concord sentence.

After the defendant's conviction for the crime of solicitation of murder, the Commonwealth commenced the present proceedings to revoke the probation imposed upon the defendant's three concurrent nine-year sentences.

2. *Discussion.* It is the defendant's argument that, as matter of logic, he could not violate his probation before he had begun service of the probationary period. As put by him, a "person cannot lose, abuse, or violate what he never had."

---

probationary sentences but before the commencement of the term of probation where the new criminal conduct occurred while serving a committed sentence and bore a relationship to the original crime."

[2]Specifically, one count of assault of a child under the age of sixteen years with intent to commit rape and three counts of indecent assault and battery of a child under fourteen years of age.

There is nothing in either G. L. c. 279, § 1 or § 3, which precludes a judge from revoking a probationary term for a violation of its conditions after its imposition but prior to its commencement.[3] Nor is there anything in any of the cases relied upon by the defendant which addresses his contention that a condition of probation cannot be violated prior to the commencement of service of the probationary period. See *Rubera* v. *Commonwealth*, 371 Mass. 177, 180-185 (1976); *Commonwealth* v. *Odoardi*, 397 Mass. 28, 33-34 (1986); *Commonwealth* v. *Collins*, 31 Mass. App. Ct. 679, 682 (1991). Compare *Commonwealth* v. *Sawicki*, 369 Mass. 377, 384 (1975), in which the court concluded that probation could be extended or revoked within a reasonable time after the expiration of a term of probation for a violation of conditions occurring during that term.

Although the reported question appears to be an open one in this Commonwealth, other jurisdictions have rejected the claim that probation cannot be violated before commencement of the imposed probationary period. Federal courts have refused to construe 18 U.S.C. §§ 3651 and 3653 (the Federal analogues to G. L. c. 279, §§ 1 and 3) as restricting the court's power to revoke probation to only those instances where the offender is currently "on probation." See *United States* v. *Ross*, 503 F.2d 940, 943 (5th Cir. 1974), and cases therein cited. Although § 3653 speaks to revocation "[a]t any time within the probation period" (compare G. L. c. 279, § 3, "at any time before final disposition of a case," note 3 *supra*), the Fifth Circuit held, 503 F.2d at 943: "Aside from the fact that Section 3653 is not by its terms exclusive, case law and sound policy reject [the defendant's] contentions."

Federal case law provides that revocations of probation will not be disturbed upon appeal absent a showing of an

---

[3]Section 1, as amended by St. 1975, c. 347, reads, in pertinent part: "When a person convicted before a court is sentenced to imprisonment, the court may direct that the execution of the sentence, or any part thereof, be suspended and that he be placed on probation for such time and on such terms and conditions as it shall fix." Section 3, as amended by St. 1974, c. 300, provides, as relevant: "At any time before final disposition of the case of a person placed under probation supervision or in the custody or care of a probation officer, the probation officer may arrest him without a warrant and take him before the court, or the court may issue a warrant for his arrest. When taken before the court . . . if he has been sentenced, it may continue or revoke the suspension of the execution of his sentence."

abuse of discretion, and "[s]ound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensible than one which occurs at a later date." *United States* v. *Ross*, 503 F.2d at 943.

A survey of State court decisions on the issue reveals the following: "Facing the same question under state law, the courts have, with a single exception [*State* v. *DeAngelis*, 257 S.C. 44 (1971)], reached the same conclusion as the courts applying federal law, finding that (1) probation may be revoked for acts committed by the defendant after imposition of sentence but before commencement of the probation term, finding such authority in statutes or public policy, or (2) the court has inherent power to revoke when the defendant demonstrates that he is unsuitable for probation, or (3) the defendant violated an implied condition of the court's discretionary grant of probation. In the single case finding that the court had no authority to revoke probation for acts committed after imposition of sentence but prior to commencement of the probation term, the court based its decision on the fact that the sentencing order was ambiguous and resolved the ambiguity in favor of the defendant." Annot., Power of Court to Revoke Probation for Acts Committed After Imposition of Sentence but Prior to Commencement of Probation Term, 22 A.L.R.4th 755, 757 (1983).

Massachusetts holds that the "primary goals of a probationary sentence are rehabilitation of the probationer and protection of the public," *Commonwealth* v. *Power*, 420 Mass. 410, 414 (1995), and that revocation of probation is a matter of discretion which cannot be exercised arbitrarily or without reason. See *McHoul* v. *Commonwealth*, 365 Mass. 465, 469-470 (1974); *Commonwealth* v. *Faulkner*, 418 Mass. 352, 365 n.11 (1994). As noted at the outset of our discussion, there is nothing in the language of either G. L. c. 279, § 1 or § 3, which precludes a revocation of probation for a violation of the conditions of probation after the imposition of probation but before the commencement of the probationary period. Nor is there anything in our public policy which would preclude, as matter of law, the revocation of the defendant's probation when he violated its conditions before he even began his probationary term by seeking the murder of his wife.

We conclude that a defendant may be subject to a probation revocation based upon criminal conduct occurring after the imposition of the sentence to probation but before the commencement of the probationary period. We think it unnecessary to answer the Superior Court judge's more narrow formulation of the question set out in note 1, *supra.* The facts that the new criminal conduct occurred while serving a committed sentence and that it may have been related to the original crime are, in our view, irrelevant to the issue of whether there is power to revoke but highly pertinent to the discretionary determination of whether revocation is warranted.

Having answered the reported question "Yes," we remand the case to the Superior Court for further proceedings.

*So ordered.*