## COMMONWEALTH *vs.* RICHARD H. CLARK.

No. 00-P-753.

Worcester. September 14, 2001. - December 4, 2001.

Present: LENK, KAPLAN, & KAFKER, JJ.

*Larceny. Practice, Criminal,* Mittimus, Sentence.

Where an amended mittimus consolidating fifteen larceny convictions into one judgment with one sentence used as the date of offense a date prior to the enactment of the Truth in Sentencing Act (Act), even though thirteen of the fifteen convictions involved dates of offenses occurring after the effective date of the Act, and even though the judge discussed with the defendant at the disposition the length of imprisonment dictated by the Act, the judge did not err in allowing the Commonwealth's motion, made pursuant to Mass.R.Crim.P. 42, 378 Mass. 919 (1979), twenty-two months after the original sentencing, to amend the mittimus further to include a revised date of offense and to reflect that the consolidated sentence was governed by the Act. [345-349]

INDICTMENTS found and returned in the Superior Court Department on March 14, 1997, and September 11, 1997.

Guilty pleas were accepted by *James P. Donohue,* J., and a motion to correct the mittimus was considered by him.

*Richard H. Clark,* pro se.

*Brian J. Cann,* Assistant District Attorney, for the Commonwealth.

KAFKER, J. After being indicted on fifteen separate larceny counts, the defendant, Richard Clark, a lawyer, pleaded guilty to all counts and was adjudicated a common and notorious thief. G. L. c. 266, § 40. As Justice Lemuel Shaw explained, "[t]he effect of the [common and notorious thief] statute is to consolidate the . . . convictions, and to render one judgment upon them, as upon one substantive offense." *Commonwealth* v. *Tuck,* 20 Pick. 356, 357 (1838). The question raised by the instant case is whether such a consolidated offense should be governed by the Truth in Sentencing Act, St. 1993, c. 432, when

(1) thirteen but not all fifteen of the larceny counts concerned conduct that took place after the effective date of the Act, and (2) the judge at the plea hearing informed the defendant that he would serve "seven full years" on a sentence of "not less than seven, nor more than eight years" but (3) the judge did not expressly address the applicability of the Truth in Sentencing Act, and (4) the mittimuses muddled matters.

The defendant's argument that the Truth in Sentencing Act does not apply focuses on the evolution of the mittimus, a ministerial document issued by the clerk that transcribes the judge's sentence. The defendant challenges the legality of the final amended mittimus, which (1) included a revised date of offense for the consolidated judgment encompassing the dates of offense for all the different larceny indictments and (2) stated, "it is the court's direction that the sentence given the defendant be governed by truth in sentencing as thirteen of the fifteen larceny offenses" occurred after the effective date of the Truth in Sentencing Act. The defendant contends that because the consolidated judgment was recorded by the clerk on one indictment with a date of offense prior to the effective date of the Truth in Sentencing Act, and the date of offense from that indictment was the only date included on the mittimus issued on the day he was sentenced, his sentence was not subject to the Truth in Sentencing Act. He further claims that the changes made in the final amended mittimus could only properly be made in a motion to revoke or revise sentence under Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), which must be brought within sixty days of sentencing, while the mittimus changes that were authorized were done pursuant to a motion under Mass.R.Crim.P. 42, 378 Mass. 919 (1979), twenty-two months after the sentencing.

We conclude that there was no abuse of discretion in allowing the Commonwealth's rule 42 motion and amending the mittimus. *Commonwealth* v. *Dias*, 385 Mass. 455, 460 n.9 (1982). The defendant's consolidated common and notorious thief sentence was, as the final amended mittimus reflects, governed by the Truth in Sentencing Act.

On March 14, 1997, a Worcester County grand jury returned indictments charging the defendant with 14 counts of larceny of property valued over $250 (G. L. c. 266, § 30), nos. 97-0170(7)

through 97-0170 (20).[1] The dates of offense for the first two larceny indictments, 97-0170 (7) and 97-0170 (8), were each listed as being from March 23, 1993, to October 7, 1993. The dates of offense for the twelve other indictments were after July 1, 1994, the effective date for the Truth in Sentencing Law provision at issue.[2] On September 11, 1997, a Worcester County grand jury returned an indictment for another count of larceny of property valued over $250, no. 97-0551 (1).[3] The date of offense for that count was September 20, 1994, to November 30, 1994.

On April 7, 1998, the defendant pled guilty to each of the fifteen larceny indictments. The prosecutor explained to the judge that "[b]etween 1993 and 1995, which are the dates which encompass these indictments, Mr. Clark was an attorney at law. The fifteen larceny counts relate to fifteen instances in which Mr. Clark stole clients' money." Pursuant to an agreed upon disposition, the judge adjudicated the defendant a "common and notorious thief" under G. L. c. 266, § 40, on all fifteen counts. The judge sentenced him to serve seven to eight years at the Massachusetts Correctional Institution at Cedar Junction (MCI, Cedar Junction). He told the defendant "you are going to have to serve from today's date seven full years at Cedar Junction, less credit from whatever time you may have spent in confinement awaiting disposition of these matters. But in all probability, you are probably going to serve eight full years from today's date." The defendant stated that he understood and pled guilty. The clerk then recited the sentence: "On indictments 97-0170, 7 through 20, and 97-0551 [*sic*], the court adjudicates you a common and notorious thief and orders that you be punished by confinement to the Mass [*sic*] Correctional Institution at Cedar Junction for not less than seven, nor more than eight years." There was no discussion of the Truth in Sentencing Act at the change of plea hearing.

---

[1] Six other indictments for offenses other than larceny were returned the same day. They are not the subject of this appeal.

[2] Indictment nos. 97-0170 (9) through 97-0170 (20).

[3] There were, again, counts for offenses other than larceny returned that day that are not the subject of this appeal.

The amended mittimus[4] issuing from the Worcester County Superior Court clerk's office on the day the defendant was sentenced refers to indictments nos. "97-0170 (7-20)," but lists the date of offense, March 23, 1993, to October 7, 1993, which appeared only on the first two indictments, nos. 97-0170 (7) and 97-0170 (8), and not on the other thirteen indictments, which covered offenses committed entirely after July 1, 1994. Each mittimus reflects that the defendant was sentenced to MCI, Cedar Junction, for "not less than seven (7) years nor more than eight (8) years." On February 10, 2000, approximately twenty-two months after the defendant's sentencing, the same judge allowed the Commonwealth's motion pursuant to Mass.R. Crim.P. 42 seeking to change the dates of offense shown on the April 7, 1998, amended mittimus to encompass the dates shown on all fifteen indictments and directing "that the sentence given the defendant be governed by truth in sentencing, as thirteen (13) of the fifteen (15) larceny offenses occurred on dates after July 1, 1994."

Whether the Truth in Sentencing Act applied to the sentence has great significance to the defendant. Three days after his April 7, 1998, sentencing, the Department of Correction, apparently believing the Act did not apply, gave to the defendant a sentencing sheet recording the following events and dates: parole eligibility: July 17, 2000; good conduct discharge: December 3, 2002; maximum: March 17, 2006; minimum: March 17, 2005. If truth in sentencing did apply, the defendant must serve seven full years, i.e. until March, 2005.

*Discussion.* The defendant argues that the February 10, 2000, amendment to the mittimus was a substantive change in his sentence and not a clerical correction to make the mittimus conform to the sentence actually imposed by the judge. The

---

[4]Two other April 7, 1998, mittimuses inferably preceded and were superseded by the amended mittimus. One refers only to indictment no. 97-0170 (7), but is in all other respects identical to the amended mittimus of the same date. The other, referring to indictment no. 97-0551 (1) with a date of offense of September 20, 1994, to November 30, 1994, notes that the sentence is "to run concurrent with sentence imposed on 97-0170 (7-20)." It is, however, conceivable that the second mittimus was contemporaneous with the amended mittimus. The April 7, 1998 mittimuses are, to put it mildly, a jumble.

relevant legal question is not whether the mittimus itself was changed, as a mittimus is "a ministerial document," *Commonwealth* v. *Barriere*, 46 Mass. App. Ct. 286, 289 (1999), issued by the clerk and meant to be "a certified transcript from the minutes of the court of the conviction and sentence . . . ." G. L. c. 279, § 34. The question is whether the change in the mittimus conforms the mittimus to the original sentence or is an impermissible attempt to change the sentence itself. *Commonwealth* v. *Layne*, 25 Mass. App. Ct. 1, 1-2 (1987) ("The question raised by the defendant's appeal is whether the trial judge . . . acted properly under Mass.R.Crim.P. 42 . . . to correct a clerical mistake in the record of a sentence he had imposed on the defendant . . . or whether the judge, acting in light of subsequent events, has attempted an untimely exercise of the separate and distinct power to revise sentences which is now found in Mass.R.Crim.P. 29[a]"). See *Bolduc* v. *Commissioner of Correction*, 355 Mass. 765, 767 (1969) (where sentence recited in mittimus was not in conformity with that imposed by judge, court stated: "[t]hat a court has plenary power at any time to correct errors in its records is well established"). See also *Commonwealth* v. *Barriere*, 46 Mass. App. Ct. at 289. A determination whether the mittimus change in the instant case was undertaken to assure conformity with the judge's sentence or instead constituted a revision thereto requires a review of the trial court proceedings in light of the common and notorious thief statute and the Truth in Sentencing Act.

We are aware of no case law that prescribes how to determine the date of offense for a consolidated judgment under the common and notorious thief statute, nor how such a consolidated judgment is to be interpreted pursuant to the Truth in Sentencing Act. At the plea hearing, the Commonwealth referred to 1993 to 1995 as the dates that "encompass these indictments" and the judge bundled the indictments together into one consolidated judgment. The February 23, 2000, amended mittimus appears to be the best reflection of the judge's intention regarding the dates of offense despite the confusion generated

by the earlier mittimuses.[5] Furthermore, the consolidation of the various dates of offenses into one date that encompasses them all is consistent with the case law requiring a single consolidated judgment under the common and notorious thief statute. *Collins* v. *Commonwealth*, 315 Mass. 167, 169 (1943). The change of the date of offense in the final amended mittimus needs, however, to be read in the context of the other final amended mittimus change which provides that it is the court's "direction" that the Truth in Sentencing Act apply.

The "expression and context" of the judge's remarks at the plea hearing reflect his attention to truth in sentencing concerns. *Commonwealth* v. *Juzba*, 44 Mass. App. Ct. 457, 460 (1998). The judge emphasized to the defendant that he was going to serve from "today's date seven full years . . . less credit from whatever time you may have spent in confinement . . . . But in all probability, you are probably going to serve the eight full years." That expression of the judge's views would make no sense unless the Truth in Sentencing Act applied.

The issue that was not confronted by the judge is how to square the consolidated judgment in the instant case, where the dates of the offenses included dates prior to July 1, 1994, with the Truth in Sentencing Act, which provides: "Notwithstanding any other provision of this act, the law in effect at the time an offense is committed shall govern sentencing for said offense." St. 1993, c. 432, § 21. If the Truth in Sentencing Act was not the law in effect on the date of offense, the statutory good time deductions and parole eligibility at one-third or two-thirds of the minimum term for State prisoners would have applied to the

---

[5]The defendant contends that the February 23, 2000, amended mittimus included a substantive change when the date of offense was changed. He argues that the sentencing judge used indictment no. 97-0170 (7) as the consolidated offense, and because the date of offense for that indictment was from March 23, 1993, to October 7, 1993, truth in sentencing was not in effect. Although one of the original mittimuses did reference 97-0170 (7), and the clerk wrote on the back of the other indictments "see 97-0170 (7)," the judge expressed no intention during the plea hearing regarding either the use of 97-0170 (7) or its date of offense for the consolidated offense. As the mittimus is only meant to transcribe the judge's intentions, we conclude that the final amended mittimus was properly and accurately changed to reflect the judge's intentions by defining the date of offense to "encompass" the date of all the indictments.

sentence imposed, and the defendant would not have been sure to serve "seven full years."

Because only three larceny counts are required to adjudicate the defendant a common and notorious thief and there were 13 larceny counts based on conduct occurring after July, 1994, there is no question that the judge could have sentenced the defendant as a common and notorious thief for no less than seven years and no more than eight years and could have properly informed the defendant that he was "going to serve seven full years" if the two earliest indictments had been carved out. In so doing, the requirements of both the common and notorious thief statute and the Truth in Sentencing Act would have been satisfied. The common and notorious thief statute would have been satisfied because there were at least three separate larcenies and the judgment was consolidated. The Truth in Sentencing Act would have been satisfied because only conduct that took place after July, 1994, would have been considered. The question we must decide is whether the judge's failure to exclude the two unnecessary claims, or alternatively, his bundling of the two with the other thirteen, defeated his intention that the defendant serve the full seven years.

We conclude that it did not. Although the larceny convictions were consolidated into one judgment with one sentence for the purpose of the common and notorious thief statute, this was because "the offence of being a common and notorious thief . . . [was] one of high and aggravated character" justifying enhanced punishment of up to twenty years. *Commonwealth* v. *Tuck*, 20 Pick. 356, 357 (1838). See Nolan & Henry, Criminal Law § 352, at 271 (2d ed. 1988); G. L. c. 266, § 40. To interpret this consolidation to require lesser punishment would elevate form over substance. The defendant benefitted from the consolidation of the additional two larcenies, as each of the individual larceny indictments exposed him to an additional sentence had only thirteen been consolidated.[6] Moreover, had the defendant not been adjudicated a common and notorious thief and instead been prosecuted and convicted for each of the

---

[6]We note that the Commonwealth's argument that the defendant be resentenced on the two indictments that preceded the effective date of the truth in sentencing law is without merit. The defendant was entitled to one

fifteen individual larceny indictments he might have been subject to consecutive sentences totaling far more than the twenty-year maximum sentence permissible under G. L. c. 266, § 40. Most importantly, the agreed-upon disposition was for not less than seven years, and the defendant was informed by the judge that he was "going to serve seven full years." The judge was clear on that point and the defendant was directly questioned on that issue and responded that he understood.

In sum, there were more than a sufficient number of indictments to support a common and notorious thief conviction; thirteen of those indictments concerned conduct that occurred after the Truth in Sentencing Act's effective date; and the length of imprisonment dictated by the Act was understood and discussed by the judge and the defendant in an agreed upon disposition. In these circumstances, we conclude that it was not an abuse of discretion to allow the Commonwealth's rule 42 motion. The defendant's consolidated sentence was, as the final amended mittimus reflects, governed by the Truth in Sentencing Act.

*Allowance of Commonwealth's motion to correct mittimus affirmed.*

judgment under the common and notorious thief statute, which is what he received.