RICHARD H. CLARK *vs.* COMMONWEALTH. July 9, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

In *Commonwealth* v. *Clark,* 53 Mass. App. Ct. 342 (2001), the Appeals Court affirmed the trial court's allowance of the Commonwealth's motion to correct an amended mittimus. We denied further appellate review. *Commonwealth* v. *Clark,* 435 Mass. 1109 (2002). Simultaneously with his prosecution of that appeal, the petitioner sought to raise the same issues in the county court, by filing a petition pursuant to G. L. c. 211, § 3.

The single justice denied the petition, stating that, "[w]here a petitioner can raise his claim in the normal course of appeal, as the [petitioner] is doing at present, relief under c. 211, § 3, will be denied. *Diggs* v. *Commonwealth,* 429 Mass. 1019 (1999). *Foley* v. *Lowell Div. of the Dist. Court Dep't,* 398 Mass. 800, 802 (1986)." There was no error. The petitioner has both pursued and exhausted available appellate remedies. *Commonwealth* v. *Clark, supra.* General Laws c. 211, § 3, does not provide the petitioner with the right to further consideration of the same issues.[1] *Genninger* v. *Commissioner of Correction,* 419 Mass. 1009, 1010 (1995).

*Judgment affirmed.*

The case was submitted on briefs.

*Richard H. Clark,* pro se.


---

[1]While it may be within the court's general superintendence power under G. L. c. 211, § 3, to review the legality of sentences where available alternative remedies are nonexistent or doubtful, *Commonwealth* v. *Cowan,* 422 Mass. 546, 547 (1996), and cases cited, the petitioner is not entitled to relief as a matter of right under that statute where adequate alternative remedies exist. *Diggs* v. *Commonwealth,* 429 Mass. 1019 (1999).

