**Richard CLARK, Petitioner,**

v.

**Lynn BISSONNETTE, Respondent.**

**No. CIV.A. 03–10707–WGY.**

United States District Court,
D. Massachusetts.

Aug. 5, 2003.

Annette C. Benedetto, Department of Attorney General, Boston, for Lynn Bissonette, Respondent.

*MEMORANDUM AND ORDER*

YOUNG, Chief Judge.

## I. INTRODUCTION

The petitioner, Richard Clark ("Clark"), has brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having pled guilty to, *inter alia,* fifteen counts of larceny, Clark now challenges the sentence he received as violative of the Ex Post Facto clause of the United States Constitution.

On March 14, 1997, a Worcester County grand jury returned indictments charging Clark with 14 counts of larceny of property valued over $250.00. *Commonwealth v. Clark,* 53 Mass.App.Ct. 342, 343–44, 758 N.E.2d 1100 (Mass.App.Ct.2001). On September 11, 1997, the grand jury returned an indictment charging Clark with yet another count of larceny of property valued in excess of $250.00. *Id.* at 344, 758 N.E.2d 1100. Of these fifteen offenses, the first two were committed prior to July 1, 1994, which is the effective date of the Massachusetts Truth in Sentencing Act, 1993 Mass. Acts 432. *Id.* Under the Truth in Sentencing Act, an offender sentenced to state prison is ineligible for parole until he has served the entire minimum term of his sentence. *See, e.g., Commonwealth v. Brown,* 431 Mass. 772, 774 and n. 5, 730

N.E.2d 297 (2000); Mass Gen. Laws ch. 127, § 133. Clark committed the remaining thirteen offenses after the Act's effective date. *Clark*, 53 Mass.App.Ct. at 344, 758 N.E.2d 1100.

On April 7, 1998, Clark appeared in the Worcester Superior Court and pled guilty to each of the fifteen larceny indictments. *Id.* Pursuant to an agreement between the parties, the judge adjudicated Clark a "common and notorious thief" under Mass. Gen. Laws ch. 266, § 40 on all fifteen counts, thus consolidating the offenses into one judgment. *Id.* During the hearing, the judge told Clark, "you are going to have to serve from today's date seven full years at Cedar Junction, less credit from whatever time you may have spent in confinement awaiting disposition of these matters. But in all probability, you are going to serve eight full years from today's date." *Id.* Clark, stating that he understood, pled guilty. *Id.* The judge then sentenced Clark to serve seven to eight years at the Massachusetts Correctional Institution at Cedar Junction. *Id.* The judge did not refer specifically to the Truth in Sentencing Act during the hearing. *Id.*

After some procedural confusion, the Worcester County Superior Court then issued—on the same date as Clark's plea and sentencing—an amended mittimus that listed the date of Clark's offense as March 3, 1993 to October 7, 1993 (the dates that appeared on the first two indictments). *Id.* at 345 and n. 4, 758 N.E.2d 1100. Based on that mittimus, the Department of Correction, apparently believing that the Truth in Sentencing Act did not apply, provided Clark with a sentencing sheet indicating that he would be eligible for parole on July 17, 2000. *Id.* at 345, 758 N.E.2d 1100. On February 10, 2000, the judge allowed the Commonwealth's motion under Mass. R.Crim. P. 42 to change the dates of offense to encompass the dates shown on all fifteen indictments and to specify that "the sentence given the defendant be governed by truth in sentencing, as thirteen (13) of the fifteen (15) larceny offenses occurred on dates after July 1, 1994." *Id.*

Clark appealed, arguing that this amendment to the mittimus constituted a substantive change in his sentence, rather than a mere clerical correction. *Id.* Specifically, Clark argued that because he had received a consolidated judgment and his commission of the crimes underlying that judgment had begun prior to the effective date of the Truth in Sentencing Act, he should not be subject to the Act. Ex. 1 (Clark's Brief to the Massachusetts Appeals Court) to Resp't App. [Docket No. 9] at 48–49.

The Massachusetts Appeals Court rejected Clark's argument and affirmed the allowance of the Commonwealth's motion. *Clark*, 53 Mass.App.Ct. at 349, 758 N.E.2d 1100. The Appeals Court explained that because only three larceny counts were required to adjudicate Clark a common and notorious thief, and because there were 13 larceny counts occurring entirely after July 1, 1994 (the effective date of the Truth in Sentencing Act), it was fully within the judge's power to sentence Clark under that act. *Id.* at 348, 758 N.E.2d 1100. The fact that the judge consolidated all of Clark's larceny convictions—including those two committed prior to July 1, 1994—into a single judgment and sentence governed by the Truth in Sentencing Act worked no disadvantage to Clark; on the contrary, "[Clark] benefitted from the consolidation of the two additional larcenies, as each of the individual larceny indictments [would have] exposed him to an additional sentence had only thirteen been consolidated." *Id.*

Moreover, the Massachusetts Appeals Court concluded that it was clear that the intent of the judge had been to sentence Clark under the Truth in Sentencing Act, as evidenced by his statement to Clark— which Clark stated he understood—that he would serve seven to eight years in prison. *Id.* at 347–48, 758 N.E.2d 1100. The Appeals Court reasoned that the judge's remarks would have made "no sense unless the Truth in Sentencing Act applied," because had the Act not applied to Clark's sentence, Clark would have been eligible for parole two years later, in July of 2000. *Id.* at 345, 347, 758 N.E.2d 1100. The Massachusetts Appeals Court thus affirmed the lower court's order in a judgment entered on December 4, 2001.

Clark then filed an application for further appellate review ("ALOFAR"), which was denied without opinion on January 30, 2002. *Commonwealth v. Clark*, 435 Mass. 1109, 762 N.E.2d 853 (2002). In his ALOFAR, Clark argued that his consolidated sentence violated the Ex Post Facto clause of the United States Constitution because it applied the Truth in Sentencing Act to a consolidated judgment that encompassed the two offenses committed prior to the act's effective date. Ex. 4 (Clark's Br. to Supreme Judicial Court) to Resp.'s App. at 8. Clark also filed a petition for extraordinary relief in the Supreme Judicial Court pursuant to Mass. Gen. Laws ch. 211, § 3, raising the same grounds. The Supreme Judicial Court denied this petition on July 9, 2002, stating that this provision does not confer the right to further consideration of issues already decided. *Clark v. Commonwealth*, 437 Mass. 1015, 771 N.E.2d 153 (2002). Clark then filed a motion for habeas corpus in the Massachusetts Superior Court sitting in and for the County of Suffolk on grounds that his sentence violated the Ex Post Facto Clause; this motion was denied by the court on February 13, 2003.

Clark subsequently filed the instant habeas petition in this Court. His petition raises a single claim: that his sentence is violative of the Ex Post Facto Clause of the United States Constitution. Pet. ¶ 12A.

## II. DISCUSSION

The Court begins its discussion with two procedural issues: whether Clark's petition complies with the statute of limitations and the exhaustion requirement set forth by Antiterrorism and Effective Death Penalty Act ("AEDPA"). First, the Court notes the contention of the respondent, Lynn Bissonnette ("Bissonnette"), that Clark's petition is time-barred. Resp.'s Mem. [Docket No. 8] at 3. Section 2254(d)(1)(A) of AEDPA establishes a one-year statute of limitations for application of the writ, running from the latest of the following dates:

(A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (2000).

Here, Bissonnette argues, Clark's petition is time-barred because the judgment

against him became final when he pled guilty on April 7, 1998. Resp.'s Mem. at 4. The tolling provision in AEDPA, however, states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). This Court therefore assumes *arguendo* that Clark's petition has been timely brought.

█ Bissonnette is correct that Clark has failed to exhaust his ex post facto claim, in that he raised it for the first time in his ALOFAR, and thus gave the Massachusetts Appeals Court no opportunity to consider it. The case law indicates that for a claim to be exhausted, it must be brought at every level of the state appellate process. As the First Circuit recently explained:

> The purpose of state remedy exhaustion is to afford the state courts, which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation. The Supreme Court has held that state courts also must have a full opportunity to address constitutional claims. Thus, state prisoners ... must invoke *one complete round* of the State's established appellate review process.

*Currie v. Matesanz,* 281 F.3d 261, 267 (1st Cir.2002) (internal citations and quotations omitted) (emphasis added).

Clark did not satisfy this requirement and his claim is therefore unexhausted. That said, AEDPA provides that a court may reach the merits of a petition in order to dismiss it "notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," 28 U.S.C. § 2254(b)(2), and this Court considers such a disposition appropriate here.

█ The Constitution provides that "no State shall ... pass any ... ex post facto Law." U.S. Const. Art. I, § 10. As the Supreme Court has explained, "[t]o fall within the ex post facto prohibition, a law must be retrospective—that is, it must apply to events occurring before its enactment—and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime." *Lynce v. Mathis,* 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997) (internal citations and quotations omitted).

█ Here, as the Massachusetts Appeals Court explained, Clark committed thirteen offenses of larceny entirely subsequent to the effective date of the Truth in Sentencing Act (July 1, 1994). Only three such offenses were necessary to adjudicate him a common and notorious thief. Thus, in adjudicating Clark a common and notorious thief under the Truth in Sentencing Act, the trial judge did not need to rely on the two larceny offenses that Clark had committed prior to the Act's enactment.[1] Accordingly, the fact that Clark was sentenced pursuant to the Truth in Sentencing Act cannot be seen as a retroactive application of that Act. That the two offenses Clark committed prior to July 1, 1994 were bundled into his consolidated judgment and sentence, which was governed by the Truth in Sentencing Act, does not change the analysis because this

---

1. Clark's case thus differs from *Commonwealth v. Palmer,* the unpublished case that he cites in his Addendum [Docket No. 10]. In that case, taking Clark's characterization to be accurate, only one offense had been committed entirely subsequent to the enactment of the Truth in Sentencing Act. Addendum at 2. All of the other offenses had been committed over a time period that spanned the Act's enactment. *Id.*

bundling did not disadvantage Clark. The bundling of those offenses did not increase the punishment for his crime; on the contrary, it benefitted Clark by preventing him from receiving a separate additional sentence on each of those two offenses. As such, the prerequisites for an ex post facto violation are not satisfied here.

## III. CONCLUSION

Accordingly, Clark's petition for a writ of habeas corpus [Docket No. 1] is DENIED.

SO ORDERED.