COMMONWEALTH *vs.* PHILIP S. BUNTING.

Essex. October 4, 2010. - December 17, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.[1]

*Practice, Criminal,* Sentence, Revocation of probation. *Due Process of Law,* Probation revocation, Notice. *Notice.*

At a probation surrender hearing in Superior Court involving a criminal defendant who had been sentenced, following guilty pleas, to a term of incarceration on one offense to be followed "from and after" by a sentence of probation on a separate crime, the judge erred in finding the defendant in violation of his probation on the basis of additional crimes committed by the defendant while he was incarcerated and before his probationary term had begun, where the defendant did not receive the required notice that the commission of new crimes before his probationary term had begun might be deemed a violation of his probation with a resulting sanction. [572-573]

INDICTMENTS found and returned in the Superior Court Department on November 13, 2002.

A proceeding for violation of probation was held before *Howard J. Whitehead,* J., and a motion for reconsideration was considered by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Brad P. Bennion* for the defendant.

*Catherine Langevin Semel,* Assistant District Attorney, for the Commonwealth.

BOTSFORD, J. Philip S. Bunting (defendant) pleaded guilty in the Superior Court to charges of unarmed burglary with assault, G. L. c. 266, § 14; indecent assault and battery on a person over the age of fourteen, G. L. c. 265, § 13H; and threatening to commit a crime, G. L. c. 275, § 2. A Superior Court judge sentenced him to two and one-half years in a house of correction on the indecent assault and battery; a concurrent six-month sentence on the threat to commit a crime; and a ten-year term of

---

[1]Chief Justice Marshall participated in the deliberation on this case prior to her retirement.

probation on the unarmed burglary, to be served "from and after" the house of correction sentences.

While the defendant was incarcerated and before his probationary term had begun, he committed additional crimes in the house of correction. A different Superior Court judge found him in violation of his probation on the basis of these subsequent crimes and extended the probationary term from ten to eleven years on the unarmed burglary conviction. The defendant appealed, arguing that the judge did not have the authority to "revoke" his probation premised on conduct that occurred before the probationary term had commenced.[2] In a decision issued pursuant to its rule 1:28, the Appeals Court affirmed the extension of the defendant's term of probation. *Commonwealth* v. *Bunting*, 76 Mass. App. Ct. 1115 (2010). We granted the defendant's application for further review and now reverse the order of the Superior Court.

*Background.* The relevant facts are not in dispute. The defendant's guilty pleas were entered on December 23, 2003. On October 6, 2004, while he was still serving the incarcerated portion of his sentence, he was charged in the District Court with committing new crimes: assault and battery on a correction officer in violation of G. L. c. 127, § 38B; and threatening to commit a crime in violation of G. L. c. 275, § 2 (collectively, the new crimes). The Superior Court probation department then issued a notice of surrender on September 15, 2005, for an alleged violation of probation. The notice stated that a hearing would be held on September 28, 2005, to determine whether, in being charged with the new crimes, the defendant had violated the terms and conditions of probation imposed on December 23, 2003, on the unarmed burglary conviction.[3]

---

[2]The defendant argues that the judge "revoked" his ten-year term of probation and resentenced him to an eleven-year term. The Appeals Court similarly refers to the change in the term of probation as a revocation. See *Commonwealth* v. *Bunting*, 76 Mass. App. Ct. 1115 (2010). The Commonwealth states that the defendant's probation was modified, not revoked. Because, as we explain *infra*, it was improper to extend the term of the defendant's probation on the ground that he violated a condition of probation, whether the extension of the probation is called a "revocation" or a "modification" is of no consequence in the circumstances of this case.

[3]At the time the notice of surrender issued, the defendant was being held at Bridgewater State Hospital; because of this fact, his probationary term had not yet commenced. Cf. *Commonwealth* v. *Sheridan*, 51 Mass. App. Ct. 74, 75,

For reasons not entirely clear from the record the Superior Court probation violation hearing was not held until January 24, 2007, by which time the defendant had been convicted of the new crimes in the District Court.[4] The defendant argued at the hearing that he could not be found in violation of probation on account of the new crimes because at the time he committed those crimes, the term of probation included in his Superior Court sentence had not yet commenced. The judge rejected the defendant's argument, determined that a probation violation had occurred, and extended the defendant's term of probation from ten to eleven years, to commence on the date of his release.[5]

The defendant appealed, raising essentially the same argument he had advanced in the Superior Court. The Appeals Court affirmed, concluding that although the defendant's probationary term had not commenced, the issue of the judge's authority to find a probation violation and impose a sanction for it was governed by that court's decision in *Commonwealth* v. *Phillips*, 40 Mass. App. Ct. 801 (1996) (*Phillips*).[6] See *Commonwealth* v. *Bunting*, 76 Mass. App. Ct. 1115 (2010).

---

78-79 (2001) (where defendant has been adjudicated a sexually dangerous person and committed to treatment center following term of incarceration, "from and after" sentence does not commence until defendant released from treatment center). There is no indication in the record when the defendant was transferred to the hospital, although it is clear from the docket in the District Court case that he was there as early as March, 2005.

[4] Although the defendant was originally charged with assault and battery on a correction officer, the charge was later amended to one of assault and battery, in violation of G. L. c. 265, § 13A. The defendant received a sentence of two and one-half years in a house of correction on the assault and battery charge and a concurrent sentence of six months on the charge of threatening to commit a crime. The defendant appealed from the assault and battery conviction, which the Appeals Court affirmed. See *Commonwealth* v. *Bunting*, 77 Mass. App. Ct. 1111 (2010).

[5] The defendant's probationary term has yet to commence. By the time of the probation violation hearing in 2007, he was serving the concurrent sentences of incarceration on the new crimes, and he has since been civilly committed as a sexually dangerous person pursuant to G. L. c. 123A.

[6] In *Commonwealth* v. *Phillips*, 40 Mass. App. Ct. 801, 801 (1996), the Appeals Court considered a reported question that asked whether a defendant may "be subjected to a probation revocation based upon criminal conduct occurring *after* the imposition of the sentence to probation but *before* the commencement of the probationary period" (emphasis in original). The court answered the question in the affirmative, concluding that there was neither a statutory provision nor a reason based on public policy that "preclude[d] a

*Discussion.* While the defendant's case was pending in the Appeals Court, we decided *Commonwealth* v. *Ruiz,* 453 Mass. 474 (2009) (*Ruiz*). That case, like this one, involved a defendant who was sentenced to a term of incarceration on one offense to be followed "from and after" by a sentence of probation on a separate crime. *Id.* at 474-475. One of the conditions of probation imposed in the *Ruiz* case was that the defendant have no contact with the victim of the crime for which he was incarcerated. *Id.* at 476. While the defendant was still incarcerated and therefore before his probationary term had commenced, he contacted the victim by writing letters to her. *Id.* The probation department issued a notice of probation surrender on the basis that the defendant had violated a condition of probation. *Id.* A judge agreed, revoked the probation, and sentenced the defendant to a term of incarceration. *Id.* at 476-477. We reversed. *Id.* at 475. We concluded that as a matter of due process, a defendant who is sentenced to probation is entitled to receive "fair warning of conduct that may result in the revocation of probation." *Id.* at 479. In particular, where a defendant has been sentenced to incarceration to be followed "from and after" by a separate sentence of probation, the defendant is entitled to adequate notice that if he violates conditions of his probation while he is incarcerated and prior to the official commencement of the term of probation, his probation may be subject to revocation. *Id.* at 475. The defendant in the *Ruiz* case had not received such notice, and therefore reversal of the order revoking his probation was required. *Id.* at 484.

The defendant here argues that, pursuant to *Ruiz,* he was entitled to notice that a violation of the conditions of probation while he was still incarcerated and prior to the commencement of the term of probation could result in the revocation of his probation.[7] The Commonwealth, on the other hand, pointing to the fact that the claimed probation violation in *Ruiz* involved noncriminal conduct, argues that no such notice is necessary

judge from revoking a probationary term for a violation of its conditions after its imposition but prior to its commencement." *Id.* at 803.

[7] We decided *Commonwealth* v. *Ruiz,* 453 Mass. 474 (2009) (*Ruiz*), a few days before the defendant filed his brief in the Appeals Court. Although he did not include in his brief any argument concerning notice based on *Ruiz,* the Commonwealth raised and addressed the issue in its brief, and the oral argument in the Appeals Court focused almost exclusively on the effect of the

when the conduct in question is, as it was here, criminal. In support of its position the Commonwealth relies on certain language in *Ruiz* that might be read to suggest our holding there applies only when a defendant's noncriminal conduct is at issue. See *id.* at 479 n.7. However, the distinction between criminal and noncriminal conduct does not make a difference in the due process analysis: before a defendant's term of probation can be modified or revoked on the basis that he violated a probationary condition, he must have adequate notice that the condition of probation is in effect. We did not intend in *Ruiz* to indicate that the necessity of adequate notice applies only to noncriminal conduct.[8] We think the better rule is that, when a defendant has been sentenced to incarceration to be followed "from and after" by a sentence of probation, if the defendant is to be held accountable for compliance with any of the conditions of the probationary sentence during the period of incarceration and before the probationary term has commenced, he must be so notified. It is of no constitutional consequence whether the condition proscribes criminal or noncriminal conduct.[9]

*Conclusion.* Because the defendant did not receive the required notice that the commission of new crimes before his probationary term had begun might be deemed a violation of his probation with a resulting sanction, the judge's finding of probation violation is vacated, and his order extending the defendant's probationary term from ten to eleven years is reversed.

*So ordered.*

---

*Ruiz* decision. That issue has been briefed by the parties in this court, and the Commonwealth does not suggest that it has been waived. We think it appropriate to consider the issue.

[8] A defendant who has been sentenced to a "from and after" term of probation that has not yet begun is certainly held to know that if he engages in criminal conduct, he is subject to punishment for violating the law. It does not follow, however, that such a defendant will know, without being specifically notified, that the criminal conduct constitutes a violation of his yet-to-begin probation, and may lead to its revocation.

[9] Although a judge may sentence a defendant to concurrent terms of incarceration and probation, see *Commonwealth* v. *Juzba*, 44 Mass. App. Ct. 457, 459 (1998), such was not the case here. As previously indicated, the record is clear that the defendant's term of probation was not to commence until after he had served the sentence of incarceration.