After a probation surrender hearing, the defendant was found in violation of the conditions of his probation by committing new crimes as charged and failing to make restitution payments. As a result, his probation previously imposed on March 30, 2017, was revoked and he was sentenced. On appeal, he claims that he was deprived of his due process right to receive adequate notice of the conditions of his probation. We affirm.
Notice of probation conditions. The defendant claims that he did not receive adequate fair notice of the conditions of his probation because he did not sign the probation contract that set forth those conditions. He claims further that there is no corroborated reliable evidence that he was notified in Spanish of the conditions of his probation. We disagree.
Due process "requires that a defendant sentenced to probation receive fair warning of conduct that may result in the revocation of probation." Commonwealth v. Ruiz, 453 Mass. 474, 479 (2009). "A judge's inquiry whether a defendant has received the required 'fair notice' is not 'confined to the four corners of the probation order'; rather, the order's meaning may be illuminated by the judge's statements and other events that are part of the notification process." Id. at 479-480, quoting United States v. Gallo, 20 F.3d 7, 12, 13 (1st Cir. 1994). "[B]efore a defendant's term of probation can be modified or revoked on the basis that he violated a probationary condition, he must have adequate notice that the condition of probation is in effect." Commonwealth v. Bunting, 458 Mass. 569, 573 (2010).
Here, on September 14, 2017, the defendant's final probation surrender hearing was held and included testimony from the defendant and probation officer Etienne. The defendant's probation was revoked following the judge's finding by "a preponderance of the credible evidence" that the defendant had violated probation. At the hearing, probation officer Etienne testified that the defendant was placed on probation on March 30, 2017, but that she did not meet with the defendant on that date. Etienne testified that it was standard practice for the duty probation officer to review the conditions of probation with the defendant on the date the plea occurs and then have the defendant sign the contract. On May 9, 2017, she was assigned to be the defendant's probation officer and met with the defendant that day and explained to him orally in Spanish each condition of his probation and that he appeared to understand. Etienne testified she forgot to have him sign the probation contract and acknowledged there was some confusion on who was assigned to the case previously.
Against that backdrop, the defendant claims that Etienne's sworn testimony that she went over each condition of his probation orally in Spanish with him and that she forgot to have him sign the probation contract on May 9 is uncorroborated and unreliable. However, there is no requirement that a probation officer's testimony be corroborated. The "judge was in the best position to determine matters of credibility" and "[f]indings that are based on credibility assessments are uniquely the province of the trial judge and we will not disturb them on appeal." Commonwealth v. Casanova, 65 Mass. App. Ct. 750, 756 (2006). It is also "the exclusive province of the hearing judge to assess the weight of the evidence." Commonwealth v. Bukin, 467 Mass. 516, 521 (2014).
The defendant further claims that because he did not sign the probation contract, he did not have fair notice of the conditions. However, there is no requirement in statute or in case law that a probationer must sign the probation contract in order for the conditions of probation to be in effect or to prove notice. "The enforceability of probation is derived not from the agreement of the defendant, but from the force of the judge's order." Commonwealth v. MacDonald, 50 Mass. App. Ct. 220, 223 (2000), S.C., 435 Mass. 1005 (2001). The obligation under G. L. c. 276, § 85, that "every person released upon probation shall be given by the probation officer a written statement of the terms and conditions of the release" was satisfied when Etienne met with the defendant on May 9, 2017.
Here, the judge was in the best position to determine whether the defendant had fair notice of what the conditions of his probation were and whether they were in effect. The judge could credit probation officer Etienne's testimony that the defendant received the conditions of probation orally translated in Spanish on May 9, 2017, twenty-two days prior to his alleged probation violation of a charged subsequent offense that occurred on May 31, 2017. The docket also indicates that the defendant was made aware on the date he pleaded guilty that he was on probation and that both standard and special conditions were in effect. Additionally, the defendant acknowledged at the surrender hearing that he understood that if he violated his probation, he could potentially face a twenty-year sentence. Furthermore, the "defendant, like all members of society, is on notice that he may not violate the criminal law at any time. Thus, no additional or special notice is required." Ruiz, 453 Mass. at 484.
Order revoking probation and imposing sentence affirmed.